CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 25, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WILLIAM ANTONIO RUMLEY,** ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00775 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **DANVILLE ADULT DETENTION CTR,** ) | By: Robert S. Ballou |
| Defendant. ) | United States District Judge |

William Antonio Rumley, a present or former Virginia inmate, has filed this civil rights action against the defendant under 42 U.S.C. § 1983, alleging discrimination. Upon preliminary review of the Complaint, pursuant to 28 U.S.C. § 1915A(a), I must dismiss his Complaint for failure to state a claim upon which relief may be granted.

Rumley alleges that Officer Hoopa allowed a new inmate to use the phone, in accord with the facility's rules. Capt. Totten ran over and hung up the phone and started cussing at him. Rumley got the rule book to show Hoopa that the rules allowed the inmate to make the call. Capt. Totten told Rumley to "mind your f***ing business." Totten then pulled Rumley out of his cell block into the hallway and started hollering at him and swearing at him. Totten put his head inches from Rumley's face, saying "I'm from the Hood, N****r," multiple times, in an aggressive manner. Rumley states that Totten's behavior was hurtful, unprofessional, intimidating, and abusive, noting that the "N" word, meaning ignorant person, is often used as a racial slur towards Black people.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Danville Adult Correctional Center is a jail; a jail is not a person and not a proper defendant to a § 1983 suit. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).

Even if Rumley had sued Totten, the person responsible for the behavior Rumley complains of, he could not prevail. While the court certainly does not condone the conduct alleged, numerous courts, within this Circuit and across the country, have held that such behavior does not rise to the level of a constitutional violation. *See, e.g., Williams v. Gobles*, 211 F.3d 127 (6th Cir. 2000) (unpublished) (affirming District Court's sua sponte dismissal of a claim by a prisoner that a corrections officer spit at him, threatened him, and called him a n****r several times for failure to state a claim upon which relief may be granted); *Riddick v. Moore*, No. 7:20cv00560, 2023 WL 2716496, at *7 (W.D. Va. March 30, 2023) ("Mere verbal abuse by a correctional officer does not rise to the level of an Eighth Amendment violation.") *Owens v. SCDC*, No. 8:09-278-GRA, 2009 WL 4807005, at * 5 (D.S.C. Dec. 8, 2009) (allegations that officer spit in plaintiff's face and used racial slurs did not state an actionable claim); *Mulder v. Norton*, No. 5:13-CV-574-F, 2016 WL 3566655, at *5 n.14 (E.D. N.C. June 24, 2016) (noting that "yelling and cursing do not amount to a constitutional violation.").

For the reasons stated, Rumley's Complaint is hereby **DISMISSED** for failure to state a claim for which relief may be granted, and this matter is **STRICKEN** from the active docket of this court. The Clerk is directed to send a copy of this opinion and order to Mr. Rumley.

Entered:  August 25, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge